J. RANDALL JONES, ESQ. (#1927)
r.jones@kempjones.com
MICHAEL J. GAYAN, ESQ. (#11135)
m.gayan@kempjones.com
MONA KAVEH, ESQ. (#11825)
m.kaveh@kempjones.com
KEMP JONES, LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
Telephone: (702) 385-6000
Facsimile:  (702) 385-6001

*Attorneys for Defendant*
*Nevada Restaurant Services, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SARA SANGUINETTI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NEVADA RESTAURANT SERVICES, INC.,<br><br>Defendant. | Case No.:<br><br>**NOTICE OF REMOVAL** |

TO: THE CLERK OF THE ABOVE-ENTITLED COURT; PLAINTIFF; AND PLAINTIFF'S ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendant Nevada Restaurant Services, Inc. ("Defendant") removes the action filed by Plaintiff Sara Sanguinetti ("Plaintiff") in the Eighth Judicial District Court of Clark County, Nevada, Case No. A-21-840040-C, Dept. No. IV (the "State Court Action"), to the United States District Court for the District of Nevada.

## **JURISDICTION AND VENUE**

1. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, and removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. § 1332(d).

1

2. This Court is in the judicial district and division embracing the place where the State Court Action was brought and is pending. Thus, this Court is the proper district court to which this case should be removed. 28 U.S.C. §§ 1441(a), 1446(a).

## THE ACTION AND TIMELINESS OF REMOVAL

3. On August 24, 2021, Plaintiff, purportedly on behalf of herself and all others similarly situated, filed a Class Action Complaint (the "Complaint") against Defendant in the State Court Action. Plaintiff filed the Complaint as a putative class action. A true and correct copy of the Complaint is attached to this Notice of Removal as **Exhibit A**.

4. On August 27, 2021, Plaintiff served Defendant's registered agent with copies of the Summons and Complaint by personal service.

5. The removal is timely under 28 U.S.C. § 1446(b) because Defendant filed this removal within 30 days of being served with the Complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding the time period for removal begins when the defendant is served).

## CAFA JURISDICTION

6. <u>Basis of Original Jurisdiction</u>. This Court has original jurisdiction over this action under CAFA, codified in pertinent part at 28 U.S.C. § 1332(d). Section 1332(d) provides that a district court shall have original jurisdiction over a class action with 100 or more putative class members, in which the amount in controversy, in the aggregate, exceeds the sum or value of $5 million. Section 1332(d) further provides that, for CAFA to apply, a member of the putative class must be a citizen of a state different from any defendant.

7. As set forth below, under 28 U.S.C. § 1441(a), Defendant may remove the State Court Action to federal court under CAFA because: (i) this action is pled as a class action; (ii) the putative class includes more than 100 members; (iii) members of the putative class are citizens of a state different from that of Defendant; and (iv) the amount in controversy, in the aggregate, exceeds the sum or value of $5 million, exclusive of interests and costs.

## THE ACTION IS PLED AS A CLASS ACTION

8. CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

9. Plaintiff seeks class certification under Nevada Rule of Civil Procedure 23. **Exhibit A**, ¶ 32. NRCP 23 is functionally similar to FRCP 23 in that they both permit class claims. *See, e.g.*, *Meyer v. Eighth Judicial Dist. Court*, 110 Nev. 1357, 1363, 885 P.2d 622, 626 (1994). Thus, the first CAFA requirement is satisfied. **Exhibit A**, ¶ 1 ("Plaintiff brings this class action . . . .").

## THE PUTATIVE CLASS INCLUDES AT LEAST 100 MEMBERS

10. Plaintiff alleges that "[o]n or sometime prior to January 16, 2021, a group of cybercriminals" accessed Defendant's computer network and obtained Plaintiff's and the class members' "personal identifying information." *Id.*, ¶¶ 2-3. According to Plaintiff, "criminals were able to access [her] personal information because Defendant" failed to comply with its own internal security policies, "failed to take basic security precautions," and ignored both industry standards and government security guidelines. *Id.*, ¶¶ 20, 22. More specifically, Plaintiff alleges that "[a]s a result of Defendant's failure to properly secure Plaintiff's and the Class Members' personal identifying information," they have suffered damages. *Id.*, ¶¶ 24, 28.

11. Plaintiff purports to bring this action on behalf of a class of similarly situated individuals (the "Putative Class"). *Id.*, ¶ 32. Plaintiff defines the Class as: "All persons whose personal information, including, but not limited to, names, home addresses, dates of birth, driver's licenses, or social security numbers was obtained by an unauthorized individual or individuals from Defendant." *Id.*

12. Plaintiff alleges that "[t]he putative Class is comprised of over approximately 3,000 persons." *Id.*, ¶ 34. However, the Putative Class potentially includes approximately 220,000 members. *See* **Exhibit B** (Declaration), ¶ 6.

3

13.     Therefore, the number of putative class members exceeds the statutorily required 100 members.

### MINIMAL DIVERSITY OF CITIZENSHIP EXISTS

14.     Pursuant to 28 U.S.C. § 1332(d)(2)(A), "[t]he district courts shall have original jurisdiction" over "a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." *See also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 680 n.5 (9th Cir. 2006) ("One way to satisfy minimal diversity is by demonstrating that any member of a class of plaintiffs is . . . a citizen or subject of a foreign state and any defendant is a citizen of a State.") (internal quotation marks omitted))).

15.     <u>Plaintiff's Citizenship</u>.  For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). "[A] person is domiciled in a location where he or she has established a fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely." *Id.* at 749-50 (internal quotation marks omitted).  Domicile "is determined as of the time the lawsuit is filed." *Id.* at 750.  Here, Plaintiff alleged in the Complaint she "is a natural person residing in Clark County, Nevada." **Exhibit A**, ¶ 11.  As for the Putative Class, many of the absent members reside outside of Nevada.  **Exhibit B**, ¶ 6.  Therefore, Plaintiff is a citizen of the State of Nevada, and many individuals of the Class are citizens of other states.

16.     <u>Defendant's Citizenship</u>.  Under 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  The United States Supreme Court has concluded that a corporation's principal place of business is "where a corporation's officer's direct, control, and coordinate the corporation's activities," or its "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  A corporation's nerve center "should normally be the place where the corporation maintains its headquarters." *Id.* at 93.

17.     Defendant is a corporation formed and incorporated under the laws of Nevada. **Exhibit B**, ¶ 5.  Defendant's principal place of business is in Nevada. *Id.*  Therefore, Defendant is domiciled in Nevada.

18.     As established in Paragraphs 14-17 above, minimal diversity of citizenship is established, pursuant to CAFA, because many of the Putative Class members are citizens of states other than Nevada and Defendant is a citizen of Nevada.

## THE AMOUNT IN CONTROVERSY EXCEEDS THE CAFA THRESHOLD[1]

19.     Where a complaint does not specify the amount of damages sought, as is the case with Plaintiff's Complaint, the removing defendant must prove by a preponderance of the evidence that the jurisdictional amount-in-controversy is satisfied.  28 U.S.C. § 1446(c)(2)(B).  The Supreme Court has held that "a defendant's notice of removal need include **only a plausible allegation** that the amount in controversy exceeds the jurisdictional threshold" to meet this standard.  *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) (emphasis added).

20.     Plaintiff requests the following relief, which, aggregated across the potential Putative Class of approximately 220,000 individuals, places more than $5 million in controversy, exclusive of interests and costs.

21.     <u>Damages</u>.  Plaintiff claims that she and the Putative Class have suffered damages, including (1) "expenses for credit monitoring and identity theft insurance, out-of-pocket expenses, anxiety, emotional distress, loss of privacy, and other economic and non-economic harm"; (2) risk of future loss as a result of a purported "identity theft operation" where "the criminals" will use the stolen personal information to "steal directly from Plaintiff and the Class," or to steal their identities; (3) risk of future loss where Plaintiff and the Putative Class members are "more likely to respond to requests from [criminals posing as] Defendant or law enforcement agencies for more personal information"; and (4) lost time "required to monitor their accounts and to respond to identity theft."  **Exhibit A**, ¶¶ 25–29.  Plaintiff and the Putative Class seek "(i) actual damages, economic damages, emotional distress damages,

---

[1] The amounts set forth in this Notice of Removal are solely for purposes of establishing that the amount in controversy exceeds the $5 million threshold and are not intended and cannot be construed as an admission that Plaintiff can state a claim or is entitled to damages in any amount.  Defendant denies liability, denies Plaintiff is entitled to recover any amount, and denies that a class can be properly certified in this matter.

KEMP JONES, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

1  statutory damages and/or nominal damages, (ii) exemplary damages, (iii) injunctive relief, and
2  (iv) attorneys' fees, litigation expenses and costs." *Id.*, ¶ 6.

3      22.    Plaintiff does not allege the amount in compensatory damages that she and the
4  Putative Class allegedly sustained. However, the cost of credit-monitoring services is one way
5  to estimate the value of potential identity theft as well as potential time lost monitoring accounts
6  for such theft. In fact, Plaintiff has affirmatively prayed for credit monitoring. *Id.*, 14:17–15:4.

7      23.    Three identity-protection agencies—LifeLock, Identity Guard, and Identity IQ—
8  advertise monthly rates for credit-monitoring services ranging from $7.50 to $32.99 per person.[2]
9  Similarly, Experian offers an identity-theft protection product that includes identity-theft
10 insurance as well as social security number, bank account, and credit monitoring for $19.99 per
11 month per person.[3] Multiplying the cost of providing one year of credit-monitoring services at
12 $7.50 per month by the number of potential class members, the amount in controversy for credit
13 monitoring is approximately $19.8 million (calculated as: $7.50/month x 12 months x 220,000
14 people). Plaintiff also suggests she will seek more than one year of credit monitoring. **Exhibit
15 A**, ¶ 31.

16     24.    Further, Plaintiff claims that she and the Class suffered "anxiety" and "emotional
17 distress." *Id.*, ¶ 28. These nebulous concepts are unquantified in the Complaint, but would
18 further add to the damages in excess of CAFA's jurisdictional threshold.

19     25.    <u>Attorneys' Fees</u>. Plaintiff also seeks to recover her attorneys' fees. *Id.*, ¶ 72.
20 "[A] court must include future attorneys' fees recoverable by statute or contract when assessing
21 whether the [CAFA] amount-in-controversy requirement is met." *Fritsch v. Swift Transp. Co.*
22 *of Ariz.*, 899 F.3d 785, 794 (2018). Here, statutory attorneys' fees are available under NRS
23 41.600. They should therefore be included in analyzing the amount in controversy.

---

[2] *See* https://www.lifelock.com (last visited Sep. 16, 2021); https://www.identityguard.com (same); https://www.identityiq.com (same).

[3] https://www.experian.com/consumer-products/compare-identity-theft-products.html (last visited Sep. 16, 2021).

26. In the Ninth Circuit, 25% of the award is the "benchmark" for attorneys' fees. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). Using this benchmark, attorneys' fees, when added to the amounts discussed above, further increase the amount in controversy for jurisdictional purposes.

27. Accordingly, the State Court Action is pled as a class action, and the class size, diversity, and amount in controversy requirements of CAFA are satisfied. Defendant has properly removed the State Court Action to this Court.

28. Defendant submits this Notice without waiver of any procedural or substantive defense.

29. No substantive proceedings have been had in this matter in the State Court. Copies of all documents filed in the State Court Action are attached hereto as follows: Complaint (**Exhibit A**) and Summons Issued to Defendant (**Exhibit C**).

30. The State Court Action was filed on August 24, 2021, thus one year has not elapsed from the date the State Court Action commenced.

## NOTICE OF INTERESTED PARTIES

31. Pursuant to Local Rule 7.1-1, a Certificate of Interested Parties is being filed concurrently with this Notice of Removal.

/ / /

/ / /

/ / /

32. As required by 28 US.C. § 1446(d), Defendant is providing written notice of the filing of this Notice of Removal to Plaintiff and are filing a copy of this Notice of Removal with the Clerk of the Eighth Judicial District Court of Clark County, Nevada.

DATED this 24th day of September, 2021.

Respectfully submitted,

KEMP JONES, LLP

*/s/ Mona Kaveh*
J. Randall Jones, Esq. (#1927)
Michael J. Gayan, Esq. (#11135)
Mona Kaveh, Esq. (#11825)
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169

*Attorneys for Defendant*
*Nevada Restaurant Services, Inc*

# CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of September, 2021, I served a true and correct copy of the foregoing **NOTICE OF REMOVAL** via the United States District Court's CM/ECF electronic filing system and via U.S. Mail to the following:

George Haines, Esq.
Gerardo Avalos, Esq.
FREEDOM LAW FIRM, LLC
8985 South Eastern Ave., Suite 350
Las Vegas, Nevada 89123

-and-

Michael Kind, Esq.
KIND LAW
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123

*Attorneys for Plaintiff Sara Sanguinetti*

                                              */s/ Ali Augustine*
                                              An employee of Kemp Jones LLP

KEMP JONES, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
(702) 385-6000 • Fax (702) 385-6001
kjc@kempjones.com

# INDEX OF EXHIBITS

| Exhibit No. | Document |
|---|---|
| A | State Court Action Complaint |
| B | Declaration of Thomas Katsaros in Support of Notice of Removal |
| C | Summons Issued to Defendant |