# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Sara Sanguinetti, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> Nevada Restaurant Services, Inc., <br><br> Defendant. | Case No. 2:21-cv-01768-RFB-DJA <br><br> **Order** |
| Raymond D. Speight, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> Nevada Restaurant Services, Inc., <br><br> Defendant. | |

Before the Court are Plaintiffs' and Defendant's competing discovery plans. (ECF Nos. 50 and 51). Plaintiffs argue that discovery should not be bifurcated into merits discovery and class discovery but should proceed as normal. (ECF No. 50). Defendant argues that discovery should be bifurcated so that the parties do not engage in class discovery until the Court rules on Defendant's motion for summary judgment. (ECF No. 51). Because the Court finds that bifurcating discovery would complicate the case, it denies Defendant's discovery plan and grants Plaintiffs' discovery plan in part.

The court has broad discretion in controlling discovery. *See Little v. Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). *Obertman v. Electrolux Home Care Products, Inc.* stands for the proposition that bifurcating discovery in class actions often complicates cases,

more than it simplifies them. *Obertman v. Electrolux Home Care Products, Inc.*, No. 2:19-cv-02487-KJM-AC, 2020 WL 8834885, *2 (E.D. Cal. June 18, 2020). There, the defendant asserted that "bifurcation of discovery will promote efficiency and fairness, because it will prevent defendant from having to engage in costly, class-wide merits-based discovery when plaintiff's case may never get past the class-certification stage." *Id.* at *1. The court disagreed, finding that class-certification analysis "frequently will overlap with those relevant to the merits of the case." *Id.* at *2. "[S]eparating merits and class discovery raise[s] a slew of issues as to what discovery relates to the class, as opposed to the named plaintiffs, thereby causing additional litigation regarding the distinction between the two, and can sometimes thwart the informed judicial assessment that current class certification practice emphasizes." *Id.* (quoting *Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. EDCV152057 FMO SPX, 2018 WL 501413, at *3 (C.D. Cal. Jan. 5, 2018)) (internal quotations omitted).

      Here, Defendant makes similar arguments to the defendant in *Obertman*, and the Court disagrees for the same reasons. Defendant asks to conduct discovery into the merits of Plaintiffs' individual cases before beginning class discovery. But, as Plaintiffs point out, the discovery is likely to overlap. (ECF No. 50 at 3). And determining discovery motions over whether discovery falls into "merits" or "class" distinctions will place an unnecessary strain on judicial resources.

      However, the Court declines to grant Plaintiffs' request for a special master. Plaintiffs provide no reasoning or support for their request other than the inability of the parties to agree on a discovery schedule. Without more, the Court will not grant this request.[1]

---

[1] Defendant also "objects to Plaintiffs' proposal to move for class certification at the close of discovery, which violates FRCP 23's requirement for the Court to determine whether to certify the action '[a]t an early practicable time' in the litigation." (ECF No. 51 at 4). But this proposal does not appear in Plaintiffs' proposed discovery plan. Because the Court only addresses fully developed arguments, it will not consider this here. *See Albedyll v. Walmart Inc.*, No. 2:19-cv-02235-GMN-NJK, 2020 WL 12443590, at *1 (D. Nev. Oct. 6, 2020).

**IT IS THEREFORE ORDERED** that Defendant's discovery plan (ECF No. 51) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiffs' discovery plan (ECF No. 50) is **granted in part and denied in part.**  Discovery shall proceed according to the following schedule:

| | |
|---|---|
| Amending pleadings and adding parties | February 25, 2023 |
| Expert disclosures | March 26, 2023 |
| Rebuttal expert disclosures | April 26, 2023 |
| Close of discovery | May 25, 2023 |
| Dispositive motions | June 25, 2023 |
| Pretrial order[2] | July 25, 2023 |

DATED: November 3, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[2] Under Local Rule 26-1(b)(5), if dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30-days after decision on the dispositive motions or further court order.