J. RANDALL JONES, ESQ. (#1927)
r.jones@kempjones.com
MICHAEL J. GAYAN, ESQ. (#11135)
m.gayan@kempjones.com
MONA KAVEH, ESQ. (#11825)
m.kaveh@kempjones.com
KEMP JONES, LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
Telephone: (702) 385-6000
Facsimile:  (702) 385-6001

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SARA SANGUINETTI, individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>NEVADA RESTAURANT SERVICES, INC.,<br><br>Defendant. | Case No.: 2:21-cv-01768-RFB-DJA<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**[SECOND REQUEST]** |
| RAYMOND D. SPEIGHT, individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>NEVADA RESTAURANT SERVICES, INC.,<br><br>Defendant. | Consolidated With: 2:21-cv-01780-RFB-EJY |

In accordance with LR IA 6-1, LR 26-1, and LR 26-3, Defendant Nevada Restaurant Services, Inc. ("Defendant"), and Plaintiffs David Dietzel, Raymond D. Speight, Sara Sanguinetti, Patricia Saavedra, and Nina S. Kuhlmann ("Plaintiffs"), by and through their counsel of record, hereby stipulate and agree, subject to this Court's approval, to extend the discovery deadlines by 90 days.  This stipulation is being entered into in good faith, not for the purpose of delay, and good cause exists for the extension. An extension of the discovery deadlines is necessary due to the following reasons: (1) Plaintiffs noticed the deposition of Defendant's FRCP 30(b)(6) witness, and the parties are in the process of noticing additional fact witness depositions. The parties believe it is important that the fact witnesses have their depositions taken before the expert disclosures and reports are due, which is an additional basis for the requested extension. The parties have been in communication on these matters and Defendant filed a motion for protective order related to the FRCP 30(b)(6) deposition on June 30, 2023.  ECF No. 77.  The parties would like to resolve these matters prior to the disclosure of expert witnesses as the Court's ruling on these matters would affect the discovery scope and topics in this case[1]; (2) although the parties have been moving forward with discovery unless the Court orders otherwise, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to FRCP 12(h)(3) (ECF Nos. 66, 67), as well as Defendant's Motion to Stay the Case pending the outcome of the Motion to Dismiss (ECF Nos. 71, 72), are pending before the Court.  These rulings would potentially impact the discovery schedule and overall case; (3) Defendant's Objection to the Scheduling Order and/or Motion to Stay Discovery are also pending before this Court, which seek a ruling on the bifurcation of discovery (ECF Nos. 54, 55).  This ruling would potentially impact the discovery schedule, scope of discovery, and the scope of the parties' expert disclosures[2]; and (4) the parties have engaged in settlement discussions and request additional time for discovery in an effort to

---

[1] On July 3, 2023, the Court stayed the FRCP 30(b)(6) deposition of Defendant pending the Court's determination of Defendant's motion for protective order.  ECF No. 78.

[2] By entering into this stipulation, Defendant is not waiving any of its arguments or positions set forth in any of its pending briefs.

1

avoid incurring additional fees and costs while those efforts are pending. This is the second request for an extension of these deadlines.

I. **DISCOVERY THAT HAS BEEN COMPLETED**

The parties have completed the following discovery:

1. Plaintiffs served their initial Rule 26(a) disclosures on September 13, 2022;
2. Defendant served its initial Rule 26(a) disclosures on September 9, 2022;
3. Plaintiffs served requests for admissions, interrogatories, and requests for production upon Defendant on September 14, 2022;
4. Defendant served requests for admission, interrogatories, and requests for production upon each Plaintiff on September 22, 2022;
5. Plaintiffs (except Plaintiff Saavedra) served their responses to Defendant's requests for admission, interrogatories, and requests for production on November 18, 2022;
6. Defendant served its responses to Plaintiffs' requests for admission, interrogatories, and requests for production on November 18, 2022;
7. The parties participated in a meet-and-confer on discovery on February 21, 2023;
8. A stipulated confidentiality agreement and protective order was entered in this case on March 9, 2023 (ECF No. 62);
9. Defendant served its first supplemental responses to Plaintiffs' requests for admission on March 22, 2023;
10. Defendant served its unredacted interrogatory responses on March 22, 2023;
11. Defendant served its First Supplement to Initial Disclosures Pursuant to FRCP 26(a)(1)(A), along with over 1,300 pages of documents, on March 29, 2023. Defendant also produced a privilege log on the same date;
12. Plaintiffs served Defendant with a Notice of Intent to Serve Subpoena Duces Tecum upon CRA International, Inc. on May 26, 2023;
13. Plaintiffs served Defendant with a Notice of Videotaped Rule 30(b)(6) Deposition of Defendant Nevada Restaurant Services, Inc. on May 26, 2023;

2

14. The parties held a meet-and-confer relating to various discovery matters on June 2, 2023, and exchanged correspondence relating to the same;

15. Defendant served Plaintiffs with an Objection to the Notice of Videotaped Rule 30(b)(6) Deposition of Defendant Nevada Restaurant Services, Inc. on June 15, 2023;

16. Defendant filed a Motion to Stay Case Pending Determination of Subject Matter Jurisdiction on June 21, 2023 (ECF No. 71);

17. The parties held a meet-and-confer relating to Plaintiffs' Notice of Rule 30(b)(6) Deposition of Defendant Nevada Restaurant Services, Inc. on June 22, 2023. Plaintiffs agreed to reschedule the deposition date, so Defendant could file a Motion for Protective Order relating to the same. The parties are hoping to obtain guidance from the Court on the disputed matters prior to the deposition date and prior to disclosing expert witnesses;

18. CRA International, Inc. served an Objection to the Subpoena Duces Tecum on June 23, 2023; and

19. Defendant filed its Motion for Protective Order Regarding Plaintiffs' Notice of FRCP 30(b)(6) Deposition on June 30, 2023.  ECF No. 77.

## II. DISCOVERY TO BE COMPLETED

The remaining discovery to be conducted by the parties includes: (1) the parties intend to name initial and rebuttal expert witnesses, (2) depose fact and expert witnesses, (3) continue to produce and collect additional documents, (4) and reserve their right to complete further written discovery or name additional witnesses as may become necessary.

## III. REASONS WHY THE REMAINING DISCOVERY WAS NOT COMPLETED

Good cause exists for an extension of the discovery deadlines. As indicated above, an extension of the discovery deadlines is necessary due to the following reasons: (1) Plaintiffs noticed the deposition of Defendant's FRCP 30(b)(6) witness, and the parties are in the process of noticing additional fact witness depositions. The parties believe it is important that the fact witnesses have their depositions taken before the expert disclosures and reports are due, which is

3

an additional basis for the requested extension. The parties have been in communication on these matters and Defendant filed a motion for protective order related to the FRCP 30(b)(6) deposition on June 30, 2023. ECF No. 77. The parties would like to resolve these matters prior to the disclosure of expert witnesses as the Court's ruling on these matters would affect the discovery scope and topics in this case[3]; (2) although the parties have been moving forward with discovery unless the Court orders otherwise, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to FRCP 12(h)(3) (ECF Nos. 66, 67), as well as Defendant's Motion to Stay the Case pending the outcome of the Motion to Dismiss (ECF Nos. 71, 72), are pending before the Court. These rulings would potentially impact the discovery schedule and overall case; (3) Defendant's Objection to the Scheduling Order and/or Motion to Stay Discovery are also pending before this Court, which seek a ruling on the bifurcation of discovery (ECF Nos. 54, 55). This ruling would potentially impact the discovery schedule, scope of discovery, and the scope of the parties' expert disclosures; and (4) the parties have engaged in settlement discussions and request additional time for discovery in an effort to avoid incurring additional fees and costs while those efforts are pending.

### IV. PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY

A. <u>Discovery Cut-off Date</u>: Discovery will close on Thursday, December 21, 2023.

B. <u>Expert Witness Disclosures</u>: Initial expert disclosures shall be made on Monday, October 23, 2023. Rebuttal expert disclosures shall be made on Wednesday, November 22, 2023.

C. <u>Dispositive Motions</u>: Dispositive motions shall be filed by Monday, January 22, 2024.

D. <u>Pretrial Order</u>: The Pretrial Order shall be filed by Wednesday, February 21, 2024. Pursuant to LR 26-1(b)(5), if dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after the Court's decision on the dispositive motions or further court order.

---

[3] *See* footnote one above.

4

| | |
|---|---|
| Dated: July 12, 2023. | Dated: July 12, 2023. |
| /s/ Mona Kaveh | /s/ George Haines |
| J. Randall Jones, Esq. (#1927)<br>Michael J. Gayan, Esq. (#11135)<br>Mona Kaveh, Esq. (#11825)<br>KEMP JONES, LLP<br>3800 Howard Hughes Parkway, 17th Floor<br>Las Vegas, Nevada 89169<br><br>*Attorneys for Defendant*<br>*Nevada Restaurant Services, Inc.* | George Haines, Esq. (#9411)<br>Gerardo Avalos, Esq. (#15171)<br>FREEDOM LAW FIRM<br>8985 South Eastern Ave., Suite 350<br>Las Vegas, Nevada 89123<br><br>David K. Lietz*<br>MILBERG COLEMAN BRYSON<br>PHILLIPS GROSSMAN, PLLC<br>5335 Wisconsin Avenue NW, Suite 440<br>Washington, D.C. 20015-2052<br><br>David Hilton Wise, Esq.<br>Joseph M. Langone, Esq.*<br>WISE LAW FIRM, PLC<br>421 Court Street<br>Reno, Nevada 89501<br><br>M. Anderson Berry, Esq.*<br>Gregory Haroutunian, Esq.*<br>CLAYEO C. ARNOLD,<br>A PROFESSIONAL LAW CORP.<br>865 Howe Avenue<br>Sacramento, CA 95825<br><br>Gary M. Klinger*<br>MILBERG COLEMAN BRYSON<br>PHILLIPS GROSSMAN, PLLC<br>227 Monroe Street, Suite 2100<br>Chicago, IL 60606<br><br>Michael Kind, Esq. (#13903)<br>KIND LAW<br>8860 South Maryland Parkway, Suite 106<br>Las Vegas, Nevada 89123<br><br>Jean Martin, Esq.*<br>MORGAN & MORGAN<br>201 N. Franklin Street, 7th Floor<br>Tampa, Florida 33602<br><br>*Attorneys for Plaintiffs and the Class*<br>**pro hac vice* |

**IT IS SO ORDERED**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: July 13, 2023

5