# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Sara Sanguinetti, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Nevada Restaurant Services, Inc.,<br><br>Defendant.<br><br>And all related matters. | Case No. 2:21-cv-01768-RFB-DJA<br><br>**Order** |

This is a data breach class action arising out of a cyberattack on Nevada Restaurant Services, Inc. (NRSI) in January 2021. Plaintiffs David Dietzel, Raymond D. Speight, Sara Sanguinetti, Patricia Saavedra, and Nina S. Kuhlmann, individually and on behalf of all others similarly situated, sue NRSI for damages, restitution, and injunctive relief. Plaintiffs claim that Defendant inadequately safeguarded class members' private information, leading to a data breach. Plaintiffs further claim that Defendant failed to provide timely and adequate notice of the unauthorized access, resulting in the theft and misuse of Plaintiffs' private information.

Defendant moves to seal Exhibit A to its motion to dismiss and redact references thereto (ECF No. 65) and to seal portions of its motion to stay (ECF No. 70). No party has filed an opposition to either motion. Because the Court finds compelling reasons to seal Exhibit A to Defendant's motion to dismiss and redact references thereto, and because the Court finds good cause to file portions of Defendant's motion to stay under seal, it grants both motions.

Also before the Court is Plaintiffs' response to Defendant's motion to dismiss. (ECF No. 74). Plaintiffs filed their response under seal without an accompanying motion to seal. Because all documents filed with the Court under seal must be accompanied by a motion to seal under LR IA 10-5, the Court will require Plaintiffs to file a motion to seal their response.

## I. Legal standard.

Judicial records are presumptively accessible to the public. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to file a confidential document under seal must overcome this presumption. *Id.* When a party wishes to seal documents attached to dispositive motions or motions that are more than tangentially related to the merits of the case, they must meet the "compelling reasons" standard. *See Kamakana*, 447 F.3d at 1183; *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Merely designating a document as confidential under a protective order does not alone establish sufficient grounds to seal a filed document. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Compelling reasons to seal exist when the record contains sensitive personal or business information or information that would cause a litigant competitive harm. *See Nixon v. Warner Communications*, 435 U.S. 589, 598 (1978); *see also Kamakana*, 447 F.3d at 1182. If a court finds compelling reasons to seal a document, it must "articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Kamakana*, 447 F.3d at 1179).

There is "weaker public interest in non-dispositive materials." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). Accordingly, the court applies the lower "good cause" standard in evaluating whether to seal documents attached to non-dispositive motions or motions that are only tangentially related to the underlying cause of action. *See id.* A showing of "compelling reasons" will suffice to meet the lower "good cause" standard. *See Ctr. for Auto Safety*, 809 F.3d at 1097 (explaining that "good cause" is a less exacting standard). It is within the court's discretion whether to seal documents. *See Pintos*, 605 F.3d at 679.

## II. Compelling reasons exist to seal Exhibit A to Defendant's motion to dismiss and redact references thereto.

Defendant seeks to seal Exhibit A to its motion to dismiss and redact portions of its motion that refer to that exhibit. (ECF No. 65). Exhibit A is a declaration by William Hardin, the

vice president of Charles River Associates International (CRA). CRA investigated the cybersecurity incident underlying this action on NRSI's behalf. Hardin's declaration details the incident, CRA's investigative methods, and Plaintiffs' personal and sensitive information found on the dark web. Because the motion to dismiss is a dispositive motion, the compelling reasons standard governs whether these materials should be sealed and redacted.

The Court finds that Defendant has met this standard for three reasons. First, Exhibit A includes sensitive business information regarding the agreement between CRA on behalf of NRSI and the ransomware criminal syndicate, including the terms of the agreement and financial information. Second, Exhibit A details CRA's forensic investigation security protocols. Publicizing these details may harm CRA's competitive advantage and put NRSI at risk of future cyberattacks. Finally, Exhibit A includes sensitive personal information about Plaintiffs, including addresses, dates of birth, phone numbers, and more. Protecting this private information outweighs the history of public access and public policies favoring disclosure.

**III.    Good cause exists to redact and seal portions of Defendant's motion to stay.**

Defendant seeks to redact and seal portions of its motion to stay that quote and/or refer to Exhibit A to Defendant's motion to dismiss. (ECF No. 70). Because the motion to stay is a non-dispositive motion only tangentially related to the merits of the case, the good cause standard governs whether this material should be redacted and sealed. The Court finds that Defendant has met this standard.

The material Defendant seeks to redact refers to the same Exhibit attached to Defendant's motion to dismiss—the Hardin declaration—for which the Court has already determined Defendant met the compelling reasons standard. Because a showing of compelling reasons will suffice to meet the lower good cause standard, and Defendant has established compelling reasons to seal references to Exhibit A, it has also established good cause to seal quotes and/or references to the exhibit in its motion to stay.

**IV.    All sealed documents must be accompanied by a motion to seal.**

Plaintiffs filed a response to Defendant's motion to dismiss under seal (ECF No. 74), but they did so without an accompanying motion to seal. Local Rule IA 10-5(a) instructs that all

documents filed with the Court under seal must be accompanied by a motion to seal. Therefore, Plaintiffs are instructed to file an accompanying motion to seal in accordance with LR IA 10-5.

**IT IS THEREFORE ORDERED** that Defendant's motion to seal (ECF No. 65) is **granted**. ECF No. 67 shall remain under seal.

**IT IS FURTHER ORDERED** that Defendant's motion to seal (ECF No. 70) is **granted**. ECF No. 72 shall remain under seal.

**IT IS FURTHER ORDERED** that Plaintiffs are instructed to file a motion to seal to accompany their response to Defendant's motion to dismiss (ECF No. 74) on or before **August 28, 2023**.

DATED: July 28, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE