**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Sara Sanguinetti, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Nevada Restaurant Services, Inc.,<br><br>Defendant.<br><br>And all related matters. | Case No. 2:21-cv-01768-RFB-DJA<br><br>**Order** |

This is a data breach class action arising out of a cyberattack on Nevada Restaurant Services, Inc. (NRSI) in January 2021. Plaintiffs David Dietzel, Raymond D. Speight, Sara Sanguinetti, Patricia Saavedra, and Nina S. Kuhlmann, individually and on behalf of all others similarly situated, sue NRSI for damages, restitution, and injunctive relief. Plaintiffs claim that Defendant inadequately safeguarded class members' private information, leading to a data breach. Plaintiffs further claim that Defendant failed to provide timely and adequate notice of the unauthorized access, resulting in the theft and misuse of Plaintiffs' private information.

Defendant moves to seal its reply in support of its motion for protective order. (ECF No. 87). Plaintiffs move to seal their response to Defendant's motion to dismiss. (ECF No. 93). Because the Court finds good cause to grant Defendant's motion to seal and compelling reasons to grant Plaintiffs', it grants both motions.

**I.      Discussion.**

Judicial records are presumptively accessible to the public. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to file a confidential document under seal must overcome this presumption. *Id.* When a party wishes to seal documents attached to dispositive motions or motions that are more than tangentially related to the merits of the case,

they must meet the "compelling reasons" standard. *See Kamakana*, 447 F.3d at 1183; *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Merely designating a document as confidential under a protective order does not alone establish sufficient grounds to seal a filed document. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Compelling reasons to seal exist when the record contains sensitive personal or business information or information that would cause a litigant competitive harm. *See Nixon v. Warner Communications*, 435 U.S. 589, 598 (1978); *see also Kamakana*, 447 F.3d at 1182. If a court finds compelling reasons to seal a document, it must "articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Kamakana*, 447 F.3d at 1179).

There is "weaker public interest in non-dispositive materials." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). Accordingly, the court applies the lower "good cause" standard in evaluating whether to seal documents attached to non-dispositive motions or motions that are only tangentially related to the underlying cause of action. *See id.* A showing of "compelling reasons" will suffice to meet the lower "good cause" standard. *See Ctr. for Auto Safety*, 809 F.3d at 1097 (explaining that "good cause" is a less exacting standard). It is within the court's discretion whether to seal documents. *See Pintos*, 605 F.3d at 679.

Defendant moves to seal Exhibits C-E attached to its reply in support of its motion for a protective order regarding a Rule 30(b)(6) witness. (ECF No. 87). Plaintiffs did not respond to the motion to seal, constituting their consent to the Court granting it. *See* LR 7-2(d). The Court finds that the good cause standard applies and that Defendant has demonstrated good cause to keep the documents at issue under seal. Defendant explains that Exhibit C is an engagement letter between its former counsel—the law firm of Mullen Coughlin, LLC—and Charles River Associates International, Inc. ("CRA")—a company Mullen Coughlin hired to provide privileged advice and forensic investigation regarding the cyberattack. Exhibit D is an engagement letter between Defendant's subsequent law firm—Kemp Jones, LLP—and CRA for a forensic investigation into the Plaintiffs' allegations. Defendant argues that the engagements letters

pertain to NRSI's contract with a third party, through counsel, and are thus private information that have no bearing on the claims or defenses in the action. Instead, they only pertain to the motion for protective order. Exhibit E is an excerpt from Defendant's response to Plaintiff's first set of interrogatories. Defendant explains that the excerpt contains sensitive information regarding its cyber security systems that, if made public, could make it vulnerable to cyber attack and could serve the interests of its competitors. The Court finds these explanations to constitute good cause and thus grants the motion to seal.

Plaintiffs move to seal an unredacted version of their response to Defendant's motion to dismiss. (ECF No. 93). Defendant did not file a response, constituting its consent to the Court granting the motion. *See* LR 7-2(d). The Court finds that the compelling reasons standard applies and that Plaintiffs have demonstrated compelling reasons to seal the unredacted version of their response. Plaintiffs explain that the response references a declaration by William Hardin, who performed a search of the dark web for cyber-hacked information. They explain that the Hardin declaration contains Plaintiffs' personal information—including home addresses, birthdays, phone numbers, emails, etc.—that should not be filed on the public record. Plaintiffs also point to Defendant's arguments regarding the Hardin declaration and the danger Defendant would face if the information contained therein regarding its financial condition, details of the incident, and its cybersecurity system were made public. The Court finds these explanations to constitute compelling reasons to seal the unredacted version of Plaintiff's response to Defendant's motion to dismiss.

**IT IS THEREFORE ORDERED** that Defendant's motion to seal (ECF No. 87) is **granted.** Defendant's reply filed at ECF No. 89 shall remain under seal.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to seal (ECF No. 93) is **granted.** Plaintiffs' response filed at ECF No. 74 shall remain under seal.

DATED: October 3, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE